Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE:  **Domingo B. Cabrera**

Case No..: **17-15973**
Judge: **ABA**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original    ☑ Modified/Notice Required    Date: **11-28-2017**
☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **TGE**    Initial Debtor:  **DBC**    Initial Co-Debtor

| Part 1:  Payment and Length of Plan |

a. The debtor shall pay **$1,007.69**  **Monthly**  to the Chapter 13 Trustee, starting on **December 1, 2017** for approximately **52** remaining months. (**6,876.66 paid to date**)

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection        **X NONE**

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **McDowell Posternock Apell & Detrick, PC** | **Attorney Fees** | **$2,500.00** |
| **McDowell Posternock Apell & Detrick, PC** | **Supplemental Attorney Fees** | **$300.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Part 4: Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| **FC Marketplace, LLC POC #9** | **Business property - Nacho Mini Market III - LLC. - business closed 4/2016** | **$20,801.38** | 0 | none | n/a | n/a | 0 |

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5:  Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☐    Not less than ___ percent

☑    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6:  Executory Contracts and Unexpired Leases    ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| **A.D. Peterson Enterprises Inc.** | 0 | **Residential Lease** | **Assume** | **$1,200.00** |
| **NJ Dealers Auto Mall, Inc.** | 0 | **Business Lease** | **Assume** | **$600.00** |
| **Toyota Financial Services** | 0 | **Auto Lease** | **Reject** | **n/a** |

## Part 7:  Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with**

local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| FC Marketplace, LLC | **Business property - Nacho Mini Market III - LLC. - business closed 4/2016** | $20,801.38 | 0 | n/a | 0 | $20,801.38 |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

**Part 8:  Other Plan Provisions**

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) **Other Administrative Claims**

5

| | | |
|---|---|---|
| 3) | Secured Claims | |
| 4) | Lease Arrearages | |
| 5) | Priority Claims | |
| 6) | General Unsecured Claims | |

d. **Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification     ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **11-28-2017**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To modify the claim of FC Marketplace LLC POC #9 regarding their interest in a business that is no longer in operation. | To modify the claim of FC Marketplace LLC POC #9 regarding their interest in a business that is no longer in operation. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date **November 28, 2017**     /s/ Thomas G. Egner, Esq.
                              **Thomas G. Egner, Esq.**
                              Attorney for the Debtor

Date: **November 28, 2017**    /s/ Domingo B. Cabrera
                              **Domingo B. Cabrera**
                              Debtor

Date: _____         _____
                              Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Date **November 28, 2017**     /s/ Thomas G. Egner, Esq.
                              **Thomas G. Egner, Esq.**
                              Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: **November 28, 2017**    /s/ Domingo B. Cabrera
                              **Domingo B. Cabrera**
                              Debtor

6

Date: _____    _____
                                                                            Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                                      Case No. 17-15973-ABA
Domingo B. Cabrera                                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin                  Page 1 of 2                  Date Rcvd: Nov 30, 2017
                              Form ID: pdf901              Total Noticed: 36

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 02, 2017.
```
db              +Domingo B. Cabrera,    308 Atlantic Ave,    Bridgeton, NJ 08302-2523
516726038       +A.D Peterson Enterprises, Inc.,    Po Box 238,    Bridgeton, NJ 08302-0180
516726039       +Apex Asset,    2501 Oregon Pike Ste,    Lancaster, PA 17601-4890
516726041      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court: Bank of America,     PO Box 982235,    El Paso, TX 79998)
516726040      #+Bank Of America,    Nc4-105-03-14,    Po Box 26012,    Greensboro, NC 27420-6012
516878574       +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
516726042       +Capital One,    Attn: General Correspondence/Bankruptcy,    Po Box 30285,
                  Salt Lake City, UT 84130-0285
516726043       +Citibank/The Home Depot,    Citicorp Cr Srvs/Centralized Bankruptcy,     Po Box 790040,
                  S Louis, MO 63179-0040
516726044       +Citicards Cbna,    Citicorp Credit Svc/Centralized Bankrupt,     Po Box 790040,
                  Saint Louis, MO 63179-0040
516726046       +Equifax Information Services,     PO Box 740241,    Atlanta, GA 30374-0241
516726047       +Experian,    PO Box 4500,    Allen, TX 75013-1311
516936605      +++FC Marketplace, LLC,    c/o Becket & Lee LLP,     PO Box 3002,    Malvern PA 19355-0702
516726048       +Fc Marketplace, LLC,    SME Fund FBO Account,     PO Box 398438,    San Francisco, CA 94139-8438
516726050       +Headway Capital, LLC,    175 W. Jackson Blvd.,     Suite 1000,    Chicago, IL 60604-2863
516726053       +PayPal Credit,    Attn: Bankruptcy Dept.,     PO Box 5138,    Timonium, MD 21094-5138
516726054       +State of New Jersey Division of Taxation,     Bankruptcy Section,    PO Box 245,
                  Trenton, NJ 08695-0245
516769981       +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,     PO Box 9013,
                  Addison, Texas 75001-9013
517147829        Toyota Lease Trust,    c/o Becket and Lee LLP,     PO Box 3001,    Malvern  PA 19355-0701
516726058       +TransUnion,    PO Box 2000,    Chester, PA 19016-2000
517197457       +USDA - Food and Nutrition Service,     3101 Park Center, 4th Floor,    Alexanderia, VA 22302-1500
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Nov 30 2017 23:06:32      U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 30 2017 23:06:29      United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
516890178       +E-mail/Text: bncmail@w-legal.com Nov 30 2017 23:06:40      Comenity Capital Bank/Paypal Credit,
                  c/o Weinstein & Riley, PS,    2001 Western Ave., Ste 400,    Seattle, WA 98121-3132
516740529        E-mail/Text: mrdiscen@discover.com Nov 30 2017 23:06:01      Discover Bank,
                  Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
516726045       +E-mail/Text: mrdiscen@discover.com Nov 30 2017 23:06:01      Discover Financial,    Po Box 3025,
                  New Albany, OH 43054-3025
516726051       +E-mail/Text: cio.bncmail@irs.gov Nov 30 2017 23:06:16      Internal Revenue Service,
                  Centralized Insolvency Operation,    PO Box 7346,    Philadelphia, PA 19101-7346
516905031        E-mail/PDF: resurgentbknotifications@resurgent.com Nov 30 2017 23:16:24
                  LVNV Funding, LLC its successors and assigns as,     assignee of Citibank, N.A.,
                  Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
516903987       +E-mail/Text: bankruptcydpt@mcmcg.com Nov 30 2017 23:06:29      MIDLAND FUNDING LLC,
                  PO BOX 2011,    WARREN, MI 48090-2011
516726052       +E-mail/Text: bankruptcy@ondeck.com Nov 30 2017 23:07:19      On Deck Capital,    1400 Broadway,
                  New York, NY 10018-5300
516964380       +E-mail/Text: bankruptcy@ondeck.com Nov 30 2017 23:07:19      On Deck Capital Inc,
                  101 West Colfax Ave 9th FL,    Denver CO 80202-5167
516962103        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 30 2017 23:16:48
                  Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                  Norfolk VA 23541
516962381        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 30 2017 23:16:48
                  Portfolio Recovery Associates, LLC,    c/o The Home Depot Consumer,    POB 41067,
                  Norfolk VA 23541
516726055       +E-mail/PDF: gecsedi@recoverycorp.com Nov 30 2017 23:16:21      Syncb/Toys R Us,    Po Box 965064,
                  Orlando, FL 32896-5064
516729388       +E-mail/PDF: gecsedi@recoverycorp.com Nov 30 2017 23:11:08      Synchrony Bank,
                  c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
516726056       +E-mail/PDF: gecsedi@recoverycorp.com Nov 30 2017 23:16:21      Synchrony Bank/Walmart,
                  Attn: Bankruptcy,    Po Box 956060,    Orlando, FL 32896-0001
516726057        E-mail/Text: bankruptcy@td.com Nov 30 2017 23:06:34      TD Bank,    PO Box 219,
                  Lewiston, ME 04243
                                                                                              TOTAL: 16
```

     ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516726049        Gsi Recovery Llc
                                                                                                         TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1              User: admin                  Page 2 of 2                  Date Rcvd: Nov 30, 2017
                                  Form ID: pdf901              Total Noticed: 36
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 02, 2017                                              Signature:  /s/Joseph Speetjens

___

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 28, 2017 at the address(es) listed below:
              Brian C. Nicholas    on behalf of Creditor    Toyota Motor Credit Corporation
               bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
              Thomas G. Egner    on behalf of Debtor Domingo B. Cabrera tegner@mpadlaw.com,
               kgresh@mpadlaw.com;djamison@mpadlaw.com;lwood@mpadlaw.com;cgetz@mpadlaw.com;r62202@notify.bestcas
               e.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 4